IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 501 School Street, S.W., Suite 700 <br> Washington, DC  20024, | ) <br> ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | Civil Action No. |
| v. | ) <br> ) | |
| U.S. DEPARTMENT OF TREASURY <br> 1500 Pennsylvania Avenue, N.W. <br> Washington, DC  20220 | ) <br> ) <br> ) <br> ) | |
| Defendant. | ) <br> ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Judicial Watch, Inc. brings this action against Defendant United States Department of Treasury to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff is a non-profit, educational foundation organized under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 700, Washington, DC  20024.  Plaintiff seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law.  In furtherance of its public interest

mission, Plaintiff regularly serves FOIA requests on federal, state, and local government agencies, entities, and offices, and disseminates its findings to the public.

4. Defendant is an agency of the United States government and is headquartered at 1500 Pennsylvania Avenue, N.W., Washington, DC 20220. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On November 2, 2009, Plaintiff sent a FOIA request to Defendant seeking access to any and all records regarding the sale of General Motors Company's Wilmington, Delaware plant to Fisker Automotive, Inc. The time frame for the request was from August 1, 2009 to October 31, 2009.

6. Defendant acknowledged receipt of Plaintiff's FOIA request by letter dated November 4, 2009 and assigned the request number 2009-11-001.

7. By letter dated November 9, 2009, Defendant granted itself a ten (10) day extension of time to respond to the request pursuant to 5 U.S.C. § 552(a)(6)(B)(i).

8. By reason of the ten (10) day extension of time, Defendant's response to Plaintiff's November 2, 2009 FOIA request was due on or before December 16, 2009.

9. As of the date of the Complaint, Defendant has failed to produce any records responsive to Plaintiff's request or demonstrate that responsive records are exempt from production. Nor has Defendant indicated when or whether any responsive records will be produced.

10. Because Defendant failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(B), Plaintiff is deemed to have exhausted any and all

administrative remedies with respect to its November 2, 2009 FOIA request, pursuant to 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
### (Violation of FOIA)

11.     Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

12.     Defendant has violated FOIA by failing to produce any and all non-exempt records responsive to Plaintiff's November 2, 2009 request within the time limits required by 5 U.S.C. § 552(a)(6)(A) and 5 U.S.C. § 552(a)(6)(B).

13.     Plaintiff is being irreparably harmed by reason of Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) order Defendant to search for and produce any and all non-exempt records responsive to Plaintiff's November 2, 2009 request and a *Vaughn* index of allegedly exempt records responsive to the request by a date certain; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to the request; (4) grant Plaintiff an award of attorney's fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated: January 14, 2010

Respectfully submitted,

JUDICIAL WATCH, INC.

/s/ Paul J. Orfanedes
Paul J. Orfanedes
D.C. Bar No. 429716
Suite 700
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

*Attorneys for Plaintiff*